UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., et al.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES AGENCY FOR GLOBAL MEDIA, et al.,<br><br>　　　　　Defendant. | Civil Action No. 25-2965 (TNM) |

## ANSWER

　　Defendants the U.S. Agency for Global Media (the "USAGM") and The Office of Management and Budget ("OMB") (collectively "Defendants"), by and through undersigned counsel, respectfully submit the following Answer to Plaintiff's Complaint filed on September 2, 2025 in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action. All allegations not specifically admitted are denied.

## INTRODUCTION

　　1-4 .　To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

　　5.　Paragraph 5 consists of Plaintiff's characterization of Executive Order 14238 which speaks for itself and is the best evidence of its contents

6. Defendants admit that they received a FOIA request on March 31, 2025 from NPR. Defendants aver that the FOIA request is the best evidence of its contents, and Defendant denies any allegations inconsistent therewith

7. The allegations in Paragraph 7 consist of allegations regarding the USAGM's use of the FOIA Exemptions, specifically the USAGM's use of Exemption 5 regarding privileged communications protected by the Deliberative Process Privilege. USAGM denies the allegations of improper application of the referred FOIA exemptions in this paragraph and refers the Court to the April 18, 2025, for a full and accurate statement of that response. Defendant USAGM admits that it did not respond to NPR's appeal.

8. OMB admits acknowledged receipt of Plaintiff's FOIA request and has not yet issued a final determination.

9. Defendants deny improperly withholding records. The remaining allegations in Paragraph 9 consists of Plaintiffs' characterization of its intentions and this action, to which no response is required.

## PARTIES

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Paragraph 11 contains Plaintiff's characterization of itself, to which no response is required. To the extent that a response is deemed required Defendant denies the allegations.

12. USAGM Admits.

13. OMB Admits.

## JURISDICTION

14. The allegations in Paragraph 14 consist of conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required,

Defendants admit that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

15. The allegations in Paragraph 15 consist of conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this judicial district for a properly stated FOIA claim.

16. This paragraph consists of a legal conclusions, to which no response is required. To the extent that a response is required, USAGM denies that the allegation that it failed to make and communicate to NPR a complete determination and OMB admits that it has not issued a final determination in response to Plaintiff's FOIA request.

## STATEMENT OF FACTS

**History of USAGM**

17-22. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**The Executive Order**

23. Paragraph 23 consists of Plaintiff's characterization of Executive Order 14238 which speaks for itself and is the best evidence of its contents.

24-28. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any

countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**NPR's Requests under FOIA**

29. Paragraph 29 consists of Plaintiff's characterization of Executive Order 14238 which speaks for itself and is the best evidence of its contents.

30. USAGM admits that it received a FOIA request on March 31, 2025 from David Folkenflik. OMB admits that it received a FOIA request on March 31, 2025 from David Folkenflik.

31. OMB Admits.

32. USAGM admits.

33. USAGM admits.

34. USAGM admits it provided a FOIA determination letter. The FOIA determination letter speaks for itself and is the best evidence of its contents.

35. USAGM admits that Plaintiff NPR filed an administrative appeal on June 12, 2025 and that it did not send any further communication prior to this action.

36. OMB admits that it has not issued a final determination in response to Plaintiff's FOIA request.

37. The allegations in Paragraph 37 consist of conclusions of law to which no response is required.

## PLAINTIFFS' CLAIM FOR RELIEF

### Count I

### (Failure to Produce Documents)

38. Defendants repeat and re-incorporates its responses to the preceding paragraphs.

39. Paragraph 39 consists of conclusions of law to which no response is required. To

the extent a response is deemed required, Defendants deny.

40. USAGM admits it provided a FOIA determination letter to NPR and did not provide release any documents prior to this action.

41-44 The allegations in Paragraphs 41-44 consist of conclusions of law to which no response is required. To the extent that a response is deemed required, USAGM denies the allegations.

45. OMB admits that it has not issued a final determination in response to Plaintiff's FOIA request.

46-48. The allegations in Paragraphs 46-48 consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations.

## RELIEF REQUESTED

The remainder of the Complaint consists of Plaintiff's request for relief to which no response is required.  To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to any of the relief requested.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.  Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

**SECOND DEFENSE**

Defendant has exercised due diligence in processing Plaintiff's FOIA request, and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

**FOURTH DEFENSE**

FOIA does not provide for declaratory relief against a federal agency.

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

**SIXTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

**SEVENTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11

(E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims"

Dated: December 16, 2025
       Washington, DC

                                  Respectfully submitted,

                                  JEANINE FERRIS PIRRO
                                  United States Attorney

                                By:      */s/ Derrick A. Petit*
                                      Derrick A. Petit, D.C. Bar 144466
                                      Assistant United States Attorney
                                      601 D Street, NW
                                      Washington, DC 20530
                                      (202) 252-7269
                                      Derrick.Petit@usdoj.gov

                                  *Attorneys for the United States of America*